Saul S. Streit, J.
Defendants move for a dismissal of each cause contained in the amended complaint for legal insufficiency, and pursuant to the rule of law established upon the dismissal of the original complaint.
Plaintiff alleges that in 1936 he was employed by the corporate defendant as a salesman on a drawing account against commissions. It is also alleged that it was agreed that plaintiff was to receive ‘ ‘ an ownership interest in the defendant Offset as soon as the business which plaintiff would secure for it would warrant doing so ”. This alleged promise is indefinite and unenforcible. However, on this motion, plaintiff disavows any purpose by his amended complaint to count upon that promise or its breach.
Plaintiff continued in the employment, and as alleged, in 1942 he demanded performance of the promise to grant an ownership interest as an inducement for continued labor. It is then alleged that in purported compliance with the promise there was issued to him certificate number 3 for 30 shares of Class B of the capital stock of the defendant Offset upon a representation made by the defendants that the outstanding Class A stock was owned solely by the defendant Rapp and that the certificate issued to *999 the plaintiff was the sole outstanding Class B stock which had identical rights and privileges with the Class A stock save that the Class A stock alone was entitled to vote.
In 1944 an additional certificate of 30 shares of Class B stock was issued to the plaintiff in purported compliance with the promise and as inducement for the continued employment, and such issuance was made upon like representations. In each instance plaintiff accepted the certificates, relied on the representations, and continued in the employment of the defendant. It is further alleged that in each instance the representations were false, were known to be false, and were made with the intent to deceive the plaintiff and to induce him to rely thereon and to continue in his employment.
It is then alleged that between February, 1942 and December, 1959, when the employment was terminated, the defendant delivered to the plaintiff accountant’s reports and statements of condition, which reports and statements were false, misleading and fraudulent, designed to conceal from plaintiff the true facts of the affairs of the corporation, and more particularly to continue to conceal from the plaintiff that the representations made concerning the Class B stock were false. Further the individual defendant Rapp during those years made verbal assurances and representations to the plaintiff with respect to his interest which were designed to and did mislead the plaintiff as to his true interest in the corporation. Nor did the accountings, information and representations conform to the books and records of the corporation or to its tax reports.
Finally it is alleged that in November, 1959 plaintiff learned that the Class B stock was not the kind of stock which defendants represented it to be but on the contrary was issued in violation of the General Corporation Law and the Personal Property Law of the State of New York, and failed to conform therewith.
The wrong of which plaintiff complains is the alleged fraud in the issuance of stock to him inducing the continued rendition of labor. The alleged misrepresentation concerns not the management of the business, but the nature of the stock and the measure of plaintiff’s consequent interest in the corporation. While a general allegation of falsity may ordinarily suffice, it is not here, for plaintiff alleges specifically that the stock in issue failed to comply with law. Those allegations are conclusory. If plaintiff intends to rely upon any claimed fact of disparity between the nature and quality of the stock as represented and as delivered, it should be made to clearly appear. No representation is now claimed as to the fact that the stock complied *1000 with statutory requirements. Moreover, since plaintiff disavows any contractual claim antedating 1942, no historical allegation is relevant save the fact that plaintiff had been in defendants’ employ and was in the course thereof fraudulently induced to continue his labor. Nor is any allegation concerning reports and business affairs relevant save those relating solely to concealment of the nature and quality of the stock or its compliance with statutory requirements. The first cause of action in the present complaint is not only defective because it contains so much that is irrelevant, evidentiary and conclusory, but it does not sufficiently state a cause based on claimed fraudulent inducement since the specific representations relied on and their alleged falsity are not properly set forth. Moreover, no general damage necessarily flows either from the variance in kind or quality or noncompliance with statute. A factual allegation of injury must support a claim of damage or any claim in equity to mold a decree which will afford to plaintiff that measure of interest in the corporation which the stock issued to him was intended to furnish. The first cause is insufficient. The second cause is sufficient as against the corporate defendant against which alone it is alleged. Branch 2 of the notice of motion in the alternative is not reached. Branch 3 is denied with leave to renew with respect to any amended pleading. Accordingly, plaintiff is permitted to serve an amended complaint within 20 days from service of a copy of the order to be settled herein with notice of entry.